FILED
SUPERIOR COURT
OF GUAM

2018 FEB -6 PM 12: 17

CLERK OF COURT

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0066-16 |
| | ) | |
| v. | ) | |
| | ) | DECISION AND ORDER |
| AUSTIN JAMES CRUZ BARCINAS | ) | SEVERING PERJURY CHARGE |
| DOB: 02/23/1995 | ) | |
| | ) | |
| DEFENDANT. | ) | |

## Introduction

This matter is assigned to the Honorable Maria T. Cenzon. On January 16, 2018, Defendant Austin James Cruz Barcinas ("Defendant") appeared for a pre-trial conference and was represented by Assistant Public Defender Kristine Borja.[1] The People of Guam (the "People") were represented by Assistant Attorney General Sean Brown. On January 18, 2018, the parties appeared before the Court[2] for a hearing on Defendant's *Ex Parte* Motion for Bill of Particulars and other issues. Having reviewed the record and the relevant law, the Court ruled from the bench, on January 18, 2018, ordering a severance of the perjury and criminal sexual conduct charges. This Order further memorializes that ruling.

## Background

Defendant was indicted with the following charges: 1) two counts of First Degree Criminal Sexual Conduct (as a First Degree Felony), 2) two counts of Second Degree Criminal

---

[1] Attorney Kristine Borja was present on behalf of Attorney Rocky Kingree, both attorneys are employed by the Public Defender Service Corporation.

[2] Defendant waived his presence for this hearing. *See* Minute Entry (Jan. 18, 2018). Assistant Public Defender Rocky Kingree was present for Defendant and argued against the severance and other issues.

Sexual Conduct (as a First Degree Felony), 3) Assault with intent to commit criminal sexual conduct (as a Third Degree Felony), 4) Perjury (as a Third Degree Felony), and 5) Fourth Degree Criminal Sexual Conduct (as a Misdemeanor). Indictment (Feb. 9, 2016).

On August 25, 2016, the People filed a Notice of Intent to Admit Evidence of crimes, wrong or acts ("Notice to Admit Evidence"), indicating their intent to use evidence from a prior trial, where Defendant was acquitted. The People proffer such evidence "to prove motive, intent, plan, identity, or absence of mistake," and "to prove charge 4 of the current matter." Not. to Admit Evidence at 1-2. On January 16, 2018, during the pre-trial conference, the People once again stated their intent to use Defendant's prior testimony from another trial to prove the perjury charge. On the following day, Defendant filed an *Ex Parte* Motion for Bill of Particulars with regards only to the perjury charge.

On January 18, 2018, the parties appeared before the Court for a hearing on Defendant's *Ex Parte* Motion for Bill of Particulars and other issues. At that hearing, the Court indicated that it will sever the perjury and criminal sexual conduct charges. Defense Counsel Kingree noted his objection on the record arguing that severance was discussed among him, his client, and the Public Defender Service Corporation; that they have decided not to pursue severance because it actually helped the case. The Court, however, reasoned that severance is for the benefit of the Defendant since the current charge and the charges from the first trial – where the alleged perjured statement were made – are substantially similar.

//

//

//

//

**A. The Court has authority to *sua sponte* order a severance on the perjury and criminal sexual conduct charges.**

Title 8 of the Guam Code Annotated ("GCA") § 65.35 governs the law on severance, the law states "if it appears that a defendant ... is prejudiced by a joinder of offenses ... in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." This statute is based on former § 1098(a), former Rule 14, and Federal Rule of Criminal Procedure P. 14[3], therefore, the Court looks to federal case law interpreting the statute for guidance. *Benavente v. Taitano*, 2006 Guam 15.

Federal Courts agree that trial courts have broad discretion in deciding severance of trials. *See U.S. v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). *See also U.S. v. Smith*, 893 F.2d 1573, 1581 (9th Cir. 1990). "[A]lthough [Rule 14] is silent as to the trial court's authority to grant a severance *sua sponte*, this power has been recognized." *U.S. v. McManus*, 23 F.3d 878, 882-83 (4th Cir. 1994) (citing *Jackson v. United States*, 412 F.2d 149, 151 (D.C. Cir. 1969)).

Accordingly, the Court finds it is within its authority to *sua sponte* order severance of the perjury and criminal sexual conduct charges.

**B. Court finds prejudice against the Defendant justifies an order for severance of the Perjury and Criminal Sexual Conduct charges.**

Generally, joinder of two or more offenses are permitted, "if the offense charged are of the same or similar character or based on the same act or transaction or on two (2) or more acts

---

[3]Fed. R. Crim. P. 14 (a) states "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

or transactions connected together or constituting parts of a common scheme or plan." *See* 8 GCA § 55.35(a). However, as provided in Section 65.35, a judge may sever offenses properly joined if joinder becomes prejudicial. Prejudice to a defendant must be so severe that by the joinder he was denied a constitutionally fair trial. *See US v. Tutino*, 883 F. 2d 1125, 1130 (2d. Cir. 1989) (9th Cir. 1989); *See* also *US v. Gallo*, 668 F. Supp. 736 (9th Circ. Year).

Prejudice justifying the court to order severance occurs when "the defendant might become embarrassed or confounded in presenting separate defenses, *the jury might use evidence of one of the crimes charged to infer a criminal disposition to commit the other crime or crimes charged*, or the jury might cumulate evidence of the various crimes charged to find guilt on a count, which if considered separately, it would not so find." *United States v. Chevalier*, 776 F. Supp. 853, 857 (D. Vt. 1991) (emphasis added) (citing *United States v. Lewis*, 626 F.2d 940, 945 (D.C.Cir.1980)).

## Discussion

In this case, Defendant was indicted of five charges; 1, 2, 3, and 5 allege Defendant committed a criminal sexual conduct that occurred on June 14, 2012, while charge 4 alleges Defendant committed perjury on January 14, 2016. Charge 4 alleges that Defendant testified for a trial of an unrelated charge and knowingly made false statements "material to the credibility of the witness and the outcome of the official proceeding." *See* Declaration in Support of Magistrate's Complaint (Feb. 9, 2016). In the Notice to Admit Evidence, the People argue that "if no mention of the prior case can arise at trial for this case, then the People could not prevail at trial for a charge of perjury."

Although joinder of a perjury charge with the substantive crime is recognized[4], the Court finds that the benefits of holding joint trials on these counts are outweighed by its prejudicial effect. As already indicated by the People, evidence from the first trial- where Defendant was acquitted and where the alleged false statement was given – must be presented to prove the perjury charge. However, because the charges in the first trial and this trial are of the same nature, there is a valid concern that the jurors might use that evidence to decide the Defendant's guilt. Moreover, the Court does not find merit in Defense Counsel's argument since this Order does not thwart him from raising any defense he so wishes in the severed proceedings.

## Conclusion

For the reasons set forth above, the Court hereby orders a SEVERANCE on the Perjury and Criminal Sexual Conduct charges. The trial of the Perjury charge shall follow the jury selection and trial of the Criminal Sexual Conduct charges.

**SO ORDERED** this_____ **FEB 0 6 2018**_____, *nunc pro tunc* January 18, 2018.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: *[handwritten]* S 2) PDSC

Date: *[handwritten]* Time: *[handwritten]*

_____
Deputy Clerk, Superior Court of Guam

_____

[4] *U.S. v. Young*, 741 F. Supp. 334 (1996) (holding that joinder of underlying substantive crimes with perjury counts is proper, where the false statement concern the substantive offenses).